UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Russell Leon David, Sr., #240689, | ) | C/A No. 9:12-3309-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Michael McCall; and SCDC Director Bill Bgers a/k/a William Byars, Jr., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Russell Leon David, Sr. ("Plaintiff"), proceeding *pro se*, brings this civil action alleging that the defendants have violated his constitutional rights. Plaintiff is an inmate at Lee Correctional Institution ("Lee"), a facility of the South Carolina Department of Corrections ("SCDC").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). Notwithstanding this requirement, however, 28 U.S.C. § 1915, the *in forma pauperis* statute,



authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Such is the case here. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff originally filed a handwritten ten-page "Complaint of Administrative Reform." Thereafter, in response to this court's December 3, 2012, order, Plaintiff filed a Complaint on this court's proper form.[1] He alleges in general and conclusory terms that the prison conditions at Lee are unconstitutional, and seeks equitable and declaratory relief, such that this court should order the defendants to reform Lee in the following particulars: discontinue censorship of prisoners'

---

[1] When Plaintiff filed the original hand-written Complaint on November 19, 2012, he was the only Plaintiff. Thereafter, on the Complaint which Plaintiff submitted on this court's proper form on January 2, 2013, he listed names of eleven of his "witnesses," whom appear to be other inmates at Lee. Plaintiff also indicated that each of the eleven other inmates may be a "plaintiff." It is not clear whether Plaintiff intended for these eleven other inmates to be additional plaintiffs in this action, or whether they are merely witnesses. If the eleven other inmates were intended to be plaintiffs, however, they would each need to bring their own civil action after exhausting prison administrative remedies and paying the filing fee. *See Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," although the fee may be paid in installments); *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001) (multiple prisoners are not allowed to join together in a single lawsuit). Further, if each of these eleven other inmates files an action identical to this one, it would be subject to summary dismissal for the reasons explained in this Report and Recommendation. However, if any of these other inmates has a particularized claim related to his particular situation with his own injury, he may bring a civil action relating to that claim after exhausting his prison administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions).



mail; establish rules regarding prisoners' discipline; prohibit any form of corporal punishment; renovate the Lee facilities; create a plan for the elimination of unconstitutional housing services such as inadequate fire safety equipment; require wholesome food prepared under sanitary conditions in sufficient quantities and reasonably varied; and require efficient hospital medical services.

Plaintiff also alleges that a shortage of funds is not a justification for the defendants to deny the Lee prisoners' constitutional rights. He alleges that this court should order an investigation and prison reforms sufficient to bring Lee up to standards acceptable for human decency. Plaintiff further states that he and the inmates thank this court "for looking at our prison systems" to help bring about change at Lee.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's Complaint must be dismissed because it does not contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *De'Lonta v. Johnson*, No. 11-7482, 2013 WL 310350, at *3 (4th Cir. Jan. 28, 2013) (internal quotation marks omitted).

3



First, the Complaint is not plausible because Plaintiff lacks standing to bring an action raising civil rights issues on behalf of all of the inmates at Lee. Throughout the Complaint, Plaintiff asserts that he is seeking relief on behalf of all prisoners or inmates by bringing about reform at Lee, for example: "all State prisoner (inmat[e]s) are fed good and wholesome foods;" "the question is our rights;" "some effort must be made to isol[a]te and then remove the advantages the correctional institution here at Lee derived from its illegal and forbidding acts on the inmates at this institution;" "develop[]ing of a new systems for the inmates here at Lee;" and, "we all thank you for looking at our prison systems." However, it is well settled that an inmate, proceeding *pro se*, cannot litigate claims of other inmates in this court. The United States Court of Appeals for the Fourth Circuit held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action); *see also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, because Plaintiff is *pro se* and not an attorney, he lacks standing to bring this type of a lawsuit seeking to represent all inmates at Lee.

Additionally, to the extent Plaintiff may be seeking to assert his own personal claim for violations of his constitutional rights based on prison conditions, he has failed to state a claim on which relief may be granted because he does not plausibly allege a constitutional violation and has failed to allege constitutional standing under Article III. *See Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim). For example, Plaintiff's allegations that Lee facilities should be

4



renovated or that prisoners' mail is censored are conclusory statements that do not set forth a viable claim. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)[Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"]. Indeed, almost all of Plaintiff's allegations seem to be legal conclusions as opposed to factual allegations. This Court can not assume the veracity of "'bare legal conclusions.'" *See Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012).

Further, a plaintiff must have constitutional standing under Article III, such that he has alleged an injury in fact, causation, and redressability. *See David v. Alphin*, 704 F.3d 327 (4th Cir. 2013). Plaintiff has failed to allege an injury in fact because he does not allege any serious or significant physical or emotional personal injury resulting from the challenged conditions or a substantial risk thereof. *See Baze v. Rees*, 553 U.S. 35, 49–50 (2008); *De'Lonta v. Johnson*, No. 11-7482, 2013 WL 310350, at *4 (4th Cir. Jan. 28, 2013); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Accordingly, because Plaintiff has not plausibly alleged a constitutional violation or injury, this action should be dismissed.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

5



dismissal).  This will allow Plaintiff to file a new action if he has a particularized claim related to himself.

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

February 26, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

